VAN NORTWICK, J.
Sommai J. Breazeale appeals a final judgment which requires appellant to pay damages to GDC View, LLC, appellee, for breach of a contract to purchase a condominium. For the reasons that follow, we affirm.
In October 2004, Breazeale entered into a contract to purchase a condominium unit in the Grand Dunes II, a condominium development in Walton County. Construction had not yet begun on the condominium when the purchase contract was executed, and the contract provided that the unit would be completed within two years of the date of the contract and in no event later than May 1, 2007. The condominium was not completed within two years of the contract. In April 2007, the developer, GDC View, gave notice to Breazeale that it was ready to close between the dates of May 1 and May 21, 2007, but Breazeale never appeared for a closing. On May 4, Breazeale advised GDC View in writing of her decision to rescind the contract. Breazeale sought a refund of the deposit and return of the letter of credit. GDC View refused to grant a refund and, thereafter, filed suit against Breazeale alleging a breach of the purchase contract. Breaz-eale filed a counterclaim for breach of contract.
The matter was heard in a bench trial after which the trial court entered a final judgment in favor of GDC View. Among other things, the trial court concluded that GDC View did not breach the contract by failure to deliver the unit within two years of the date of the purchase contract because much of the delay in completing the unit was excusable pursuant to the contract. The trial court found that excusable delays permitted extension of the completion deadline to June 28, 2007. There is no reference in the final judgment to the provision in the purchase contract that the unit was required to be delivered no later than May 1, 2007, and Breazeale does not premise her appeal on this provision.
In its final judgment, the trial court made the following findings:
5. The completion date of the unit underlying this action, unit 240, was April 80, 2007, the date that the respective certificate of occupancy was issued for unit 240.
7. The date the certificate of substantial completion, permitted under section 718.104(4)(e), Florida Statutes[,] was filed for the entire Grand Dunes II condominium project was May 1, 2007 (although it was executed on April 30, 2007), and it is recorded in the Official Records of Walton County at Book 2759, Page 3951.
8. The date that the entire Grand Dunes II condominium was substantially completed was May 1, 2007, as reflected by Book 2759, Page 3951. ⅜ * *
16. In total, [because of unexpected delays affecting construction, GDC View] is entitled to extend the performance period, under the purchase agreement, by 251 days. Therefore, the last day of completion of Unit 240 was June 28, 2007.
On appeal, Breazeale raises several issues, including the issue that the delays found reasonable by the trial court are not supported by the record. We affirm the extension of the construction window to June 28, 2007, as the record contains competent substantial evidence to support the trial court’s resolution of these matters of fact. See Sheppard & White, P.A. v. City of Jacksonville, 827 So.2d 925, 931 (Fla.2002); Markham v. Fogg, 458 So.2d 1122, 1126 (Fla.1984).
*98 Breazeale argues further that Grand Dunes II was not substantially completed by the time GDC View sought to close during May 2007 and, because the condominium was not completed, the unit could not be conveyed. Pursuant to section 718.104(4)(e), Florida Statutes (2007), a completed unit may be conveyed when it is within a “substantially completed” building. The relevant portion of section 718.104(4)(e) provides in pertinent part:
Completed units within each substantially completed building in a condominium development may be conveyed to purchasers, notwithstanding that other buildings in the condominium are not substantially completed, provided that all planned improvements, including, but not limited to, landscaping, utility services and access to the unit, and common-element facilities serving such building, as set forth in the declaration, are first completed and the declaration of condominium is first recorded and provided that as to the units being conveyed there is a certificate of a surveyor and mapper as required above, including certification that all planned improvements, including, but not limited to, landscaping, utility services and access to the unit, and common-element facilities serving the building in which the units to be conveyed are located have been substantially completed, and such certificate is recorded with the original declaration or as an amendment to such declaration.
(Emphasis added).
We read section 718.104(4)(e) as setting forth two requirements before a completed unit in a substantially completed building may be conveyed. First, all planned improvements and common-element facilities as set forth in the recorded declaration of condominium are completed. Second, a certifícate of a surveyor and mapper is recorded with the declaration, which includes certification that all planned improvements to the unit being conveyed and the common elements serving the building containing the unit to be conveyed are substantially completed.
The Declaration of Condominium of Grand Dunes II provides in Article I (Definition of Terms):
8. Common Property: Common property is that which Florida Statutes define as “common ■ elements” and shall mean and comprise all the real property, improvements and facilities to Grand Dunes II, A Condominium including all parts of the buildings other than the units as same are herein defined and shall include easements through units for conduits, pipes, ducts, plumbing, wiring and other facilities for the furnishing of utility service to units and easements of support in every portion of the unit which contribute to the support of the improvements and shall further include all personal property held and maintained for the joint use • and enjoyment of all the owners of all such units.
(Emphasis added).
The trial court below made no finding as to extent of the completion of the common elements. The trial court did find, in paragraphs 6 though 8 of its Final Order, that, because a certificate of substantial completion was filed on May 1, 2007, the condominium was completed for purposes of section 718.104(4)(e) on that date. This finding is not adequate proof of the first requirement of that statute, and we have not been directed to any other evidence in the record which supports this element. The certificate here was conditional and did not establish that “common-element facilities serving such building, as set forth in the declaration, [were] first completed” by the time GDC View sought *99 to close between May 1 and May 21, 2007. See § 718.104(4)(e), Fla. Stat. Indeed, the conditional certificate of substantial completion of May 1, 2007, acknowledges that certain common elements were incomplete as of the date of the certificate. It is undisputed that a certificate of occupancy did not issue until June 11, 2007.
In its complaint alleging breach of contract, GDC View alleged that the unit was complete and ready for closing in accordance with the terms of the purchase contract, but Breazeale refused to close. In her counterclaim for breach of contract, Breazeale claimed GDC View breached the contract by failing to complete the unit by October 20, 2006 (two years after the execution of the purchase contract). She added that GDC View did not notify her of any conditions which would extend the completion time. She did not assert below that GDC View was in breach of contract by seeking to close in May 2007 because the unit was not substantially complete at that time, the position she takes on appeal. Instead, as noted, Breazeale stated in her amended answer and counterclaim that GDC View did not complete and deliver the unit within the unconditional completion deadline of 24 months from the date of the contract.
We agree that the trial court erred in concluding that the unit could be permissibly conveyed as of May 1, 2007, since, pursuant to section 718.104(4)(e), the unit could not be deemed complete on that date because common elements of the condominium were not complete. Nevertheless, we affirm the result reached below given the undisputed fact that the unit was complete and ready for conveyance as of June 11, 2007, and that under the purchase contract, the period for completing a unit could be extended beyond two years if certain delays occurred. The trial court, as finder of fact, found that certain delays occurred thereby extending the completion deadline to June 28, 2007, and we affirm this finding as supported by competent and substantial evidence. Because Breaz-eale refused to close on the grounds that the unit was not complete as of October 2006, .the fact that the unit was not complete as of May 1, 2007, is not a dispositive fact. Therefore, the trial court properly found a breach of contract by Breazeale.
Because the remaining issues raised on appeal are also without merit, the final judgment is AFFIRMED.
WETHERELL and ROWE, JJ., Concur.